# EXHIBIT A



John A. Lee
Banie & Ishimoto LLP
3705 Haven Ave. #137
Menlo Park, CA 94025
Phone: 650-241-2774
Email: jlee@banishlaw.com

**VIA U.S. MAIL**

January 24, 2020

Mr. John Alexander
Hunter Fan Company, Inc.
7130 Goodlett Farms Parkway, Suite 400
Memphis, TN 38016

  Re: Infringement of Landmark Technology A, LLC's Patent Rights

Dear Mr. Alexander:

  More than a year ago, Landmark Technology, LLC first brought to your attention its understanding that Hunter Fan Company, Inc. ("Hunter Fan") data processing systems practice U.S. Patent No. 6,289,319 C2 ("'319 Patent").

  In that first notice, we introduced ourselves as intellectual property counsel for Landmark Technology, LLC ("Landmark"). Landmark has exclusive rights to patents covering certain special-purpose computer, communication and network technologies relating to Internet searching, e-commerce, electronic bill pay, business-to-business transactions, multimedia data processing networks and mobile technologies. Landmark's widely regarded patented technology covers, among other things, special-purpose hardware and software systems supporting key transaction processes and features used in many electronic commerce systems, including structures which exchange business data amongst trading partners.

  In that first notice we also pointed out that Landmark has licensed its patents to over 200 companies across various industries. Landmark's '319 patent ranks extremely high in patent citing activity and has been cited nearly 200 times by the USPTO whereas the average patent has only five citations during its lifetime. Highly cited patents are generally known to be of greater technical importance, and even fewer rise to the level of "pioneer patents" achieved by the Landmark patents. The '319 patent has also been reexamined twice resulting in all original claims being confirmed.

  Having not received a response from Hunter Fan, Landmark sent a subsquent letter reaffirming its offer of a non-exclusive license to its '319 patent for $65,000.

Since our last communication, Landmark Technology A, LLC, has assumed all substantial rights under the '508 patent and has furthered its analysis and discovered that while indeed Hunter Fan data processing systems practices Landmark's U.S. Patent No. 6,289,319 C2 that Hunter Fan multimedia data processing systems, particularly https://www.hunterfan.com/account practices Landmark's U.S. Patent No. 7,010,508 C1 ("'508 Patent")

You will find that the '508 Patent teaches and claims multimedia data processing systems for processing business and financial transactions between entities from remote sites. This includes multimedia data processing systems wherein a computerized installation [as Hunter Fan's servers], communicate with terminals which use program instructions and act as the user interface [as do those devices interfaced to Hunter Fan's web servers in communication with Hunter Fan's servers], sequences are retrieved in response to data entered [as seen in devices interfaced to Hunter Fan's web servers], and data is updated in central processor storage [as per the functionality of Hunter Fan's web servers]. For example, the specific functionalities implemented by Hunter Fan using their servers and devices interfaced to Hunter Fan's web servers constitutes use of the technology taught within the meaning of Claim 1 of the '508 patent.

We appreciate your attention to this matter and request a response within 15 days of this letter. Please contact me at the phone or email above, or contact my colleague, Jennifer Ishimoto, at ishimoto@banishlaw.com or (650) 241-2773.

Very truly yours,

John A. Lee
Partner
BANIE & ISHIMOTO LLP